IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30313
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRIAN J. CHISHOLM,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 95-CA-20 (CR-92-41)
- - - - - - - - - -
August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Brian J. Chisholm filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 alleging that the Government breached the plea agreement; that the district court erred in enhancing his sentence; and that the district court erred in not giving Chisholm a one-point reduction for entering a timely guilty plea in addition to the two-point reduction he received for acceptance of responsibility.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "[I]n determining whether the terms of the agreement have been violated, [the court] must determine whether the government's conduct is consistent with what is reasonably understood by the defendant when entering a plea of guilty." United States v. Huddleston, 929 F.2d 1030, 1032 (5th Cir. 1991).

Chisholm's argument that the Government breached the plea agreement lacks merit. "A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The plea agreement provides that Chisholm must receive at least five years and a maximum of forty years for each offense. The plea agreement contains no provision that the Government would object to an enhancement or guideline adjustment made by the district court. The plea agreement also expressly provides that there was no agreement with the Government as to the actual sentence that would be imposed and that no other promises or inducements had been made. Thus, the record conclusively shows that Chisholm is entitled to no relief.

Chisholm's challenges to the calculation of his sentence are not cognizable under § 2255 because they are nonconstitutional issues that could have been raised on direct appeal. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). In the

interests of judicial economy, this court will assume that the district court treated Chisholm's pro se § 2255 motion as a § 3582(c)(2) motion, and dismissed Chisholm's sentencing claims on the merits. See United States v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995). The district court's decision to reduce a sentence under § 3582(c)(2) is discretionary. United States v. Shaw, 30 F.3d 26, 28029 (5th Cir. 1994).

Chisholm contends that the district court should have given him an additional one-point reduction for entering a timely guilty plea under the U.S. Sentencing Guidelines § 3E1.1. Chisholm was sentenced after the amendment to § 3E1.1 became effective. Therefore, § 3582(c)(2) is not applicable.

AFFIRMED.